IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK RAMERIZ,

    Plaintiff,

vs.

CAL. DEPT OF CORR., et al.,

    Defendants.

No. 2:12-cv-0241 GEB JFM (PC)

<u>FINDINGS & RECOMMENDATIONS</u>

/

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a complaint filed pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss plaintiff's complaint, filed January 30, 2012, on the grounds that plaintiff failed to exhaust his administrative remedies prior to filing the instant action. Plaintiff opposes the motion.

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

    At all times relevant to this action, plaintiff was an inmate at High Desert State Prison ("HDSP") in Susanville, California. The individual defendants were employed at HDSP in various capacities, including teacher, principal, and education testing instructor and transcript coordinator. This action arises from the defendants' alleged failure to accommodate plaintiff's severe learning disability, in violation of plaintiff's Eighth and Fourteenth Amendment rights and in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* Plaintiff seeks injunctive relief, as well as monetary and punitive damages.

1    On March 20, 2011, plaintiff filed a Reasonable Modification or Accommodation
2 Request form requesting special accommodation in the education program based on his learning
3 disability.  See Clark Decl., Ex. A.  This request was assigned Appeal Log # HDSP-B-11-00501.
4 Id.  On April 8, 2011, plaintiff's request was denied.  Id.  On April 20, 2011, plaintiff's request
5 was denied at the second level of review.  Clark Decl. ¶¶ 3-4.

6    Plaintiff thereafter filed numerous additional appeals.  On November 14, 2011,
7 January 3, 2012, January 18, 2012, and January 27, 2012, plaintiff's appeals were denied as
8 duplicative of Appeal Log # HDSP-B-11-00501.  See Pl.'s Opp'n (Doc No. 16 at 8-11).

9    On February 28, 2012, plaintiff sent a letter to the Chief of the Office of Appeals
10 at the California Department of Corrections and Rehabilitation ("CDCR"), in which he claimed
11 that he had not received a response to an appeal that he filed "a very long time ago."  Doc. No.
12 16 at 12.

13    On March 5, 2012 and March 7, 2012, the Chief of the CDCR Office of Appeals
14 notified plaintiff by letter that plaintiff has been attempting to submit an appeal that had been
15 previously cancelled.  Doc. No. 16 at 13-14.  Plaintiff was warned that if he continued to file
16 previously-cancelled appeals, he would be placed on appeal restriction.  Id.

17    DISCUSSION
18 A.    Legal Standards
19    The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e
20 to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.
21 § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional
22 facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).
23 Exhaustion in prisoner cases covered by § 1997e(a) is mandatory.  Porter v. Nussle, 534 U.S.
24 516, 524 (2002).  Exhaustion is a prerequisite for all prisoner suits regarding the conditions of
25 their confinement, whether they involve general circumstances or particular episodes, and
26 whether they allege excessive force or some other wrong.  Porter, 534 U.S. at 532.

Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." Id. at 524; Booth v. Churner, 532 U.S. 731, 740, n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Booth, 532 U.S. at 741. A prisoner "seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." Id. at 734.[1]

A prisoner need not exhaust further levels of review once he has either received all the remedies that are "available" at an intermediate level of review, or has been reliably informed by an administrator that no more remedies are available. Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). Because there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process. Brown, 422 F.3d at 936-37.

As noted above, the PLRA requires proper exhaustion of administrative remedies. Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Thus, compliance with prison grievance procedures is required by the PLRA to properly exhaust. Id. The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Id. at 83-84.
/////

---

[1] The fact that the administrative procedure cannot result in the particular form of relief requested by the prisoner does not excuse exhaustion because some sort of relief or responsive action may result from the grievance. See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes of exhaustion requirement include allowing prison to take responsive action, filtering out frivolous cases, and creating administrative records).

3

1    The State of California provides its prisoners the right to appeal administratively
2 "any departmental decision, action, condition or policy which they can demonstrate as having an
3 adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides them
4 the right to file appeals alleging misconduct by correctional officers and officials. Id. at
5 § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner
6 must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal
7 on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and
8 (4) third level appeal to the Director of the CDCR. Barry v. Ratelle, 985 F.Supp. 1235, 1237
9 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's
10 level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38.

11    Non-exhaustion under § 1997e(a) is an affirmative defense which should be
12 brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil
13 Procedure 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).[2] Moreover, the court
14 may look beyond the pleadings to determine whether a plaintiff exhausted his administrative
15 remedies. Id. at 1119-20.

16 B.    Analysis

17    In his complaint, plaintiff claims that he has exhausted his administrative
18 remedies by filing a grievance at HDSP, which was assigned log number HDSP-B-11-00501 and
19 which was denied at the second level of review on April 20, 2011. Compl. ¶ 11. Plaintiff
20 contends that he attempted to exhaust his administrative remedies by submitting his appeal to the
21 third level of review, but each time defendants denied him his right to appeal.

22    Defendants acknowledge that plaintiff filed a grievance concerning the matter at
23 issue in this complaint, but nonetheless seek dismissal of the complaint on the ground that
24 plaintiff failed to proceed to the Director's Level of Review, as required by Section 1997e(a).

---

[2] Plaintiff was notified of the requirements to oppose a motion to dismiss for failure to exhaust on May 22, 2012 and July 31, 2012.

4

They argue that, pursuant to Cal. Code Regs. tit. 15, § 3084.8, plaintiff was required to submit his grievance to the third level of review by May 20, 2011 (within thirty days of April 20, 2011). Plaintiff, however, did not submit a grievance to the third level. Lozano Decl. ¶ 6. Accordingly, they argue that his suit is time-barred.

Based on record before it, the court must conclude that plaintiff failed to exhaust his administrative remedies prior to filing this suit. The record establishes that, although plaintiff filed numerous appeals regarding the issue raised herein, plaintiff's attempts to appeal to the third level of review were, simply put, too late. "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by the PLRA, but by the prison grievance process itself.... [I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007) (internal quotations and citations omitted). Relevant here, the process set forth by the CDCR directs an inmate to submit an appeal within 30 calendar days "[u]pon receiving an unsatisfactory departmental response to an appeal filed." Cal. Code Regs. tit. 15, § 3084.8. In this case, plaintiff's appeal was denied at the second level of review on April 20, 2011. Thus, plaintiff had until May 20, 2011 to file an appeal to the Director's Level of Review. Yet the evidence submitted by plaintiff shows that the earliest he filed his appeal to the third level of review was November 2011. This was beyond the 30-day time limit set forth by prison regulations. Defendants have thus met their burden of showing that plaintiff did not exhaust his administrative remedies, and plaintiff's argument that defendants thwarted his efforts to exhaust are unsupported and unpersuasive.

Plaintiff's action must be dismissed without prejudice.[3] See Wyatt, 315 F.3d at 1120; see also McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (action must be
/////

---

[3] Because this action is subject to dismissal for failure to exhaust, the court declines to reach defendants' supplemental argument that the CDCR is immune from suit.

1 dismissed without prejudice unless prisoner exhausted available administrative remedies before
2 he filed suit, even if prisoner fully exhausts while the suit is pending).

3 　　　　　In accordance with the above, IT IS HEREBY RECOMMENDED that
4 defendants' July 31, 2012 motion to dismiss be granted and this action be dismissed without
5 prejudice.

6 　　　　　These findings and recommendations are submitted to the United States District
7 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen
8 days after being served with these findings and recommendations, any party may file written
9 objections with the court and serve a copy on all parties.  Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
11 objections shall be filed and served within fourteen days after service of the objections.  The
12 parties are advised that failure to file objections within the specified time may waive the right to
13 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
14 DATED: October 18, 2012.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

18 /014;rame0241.mtd